UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC DEXTER TAYLOR,

                Plaintiff,

-against-

U.S. KINGDOM HALL, ET AL.,

                Defendants.

24-CV-2945 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained at the Otis Bantum Correctional Center, brings this action *pro se*. Plaintiff seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff is barred, however, from proceeding IFP in any new action filed while he is a prisoner. *See Taylor v. NYPD Bureau*, No. 18-CV-0289 (CM) (S.D.N.Y. June 29, 2018).[1] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

      Plaintiff has filed this new action seeking IFP status, but his complaint does not show that he is in imminent danger of serious physical injury and should therefore be permitted to

---

[1] The bar order relied on three actions filed while Plaintiff was a prisoner that were dismissed in their entirety, under 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous.

proceed IFP.[1] Instead, Plaintiff's claims seem to relate to, among other things, the music industry and payment of royalties. Plaintiff therefore cannot proceed IFP in this action.

## CONCLUSION

The Court denies, under the PLRA's "three-strikes" rule, Plaintiff's request to proceed IFP, 28 U.S.C. § 1915(g), and dismisses the complaint without prejudice.[2] Plaintiff remains barred from proceeding IFP in any future action filed while he is a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:   April 18, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[1] To qualify for this exception, an incarcerated plaintiff must plausibly allege: "(1) that there is a danger to his physical well-being; (2) that the danger existed at the time the complaint was filed . . .; and (3) that the danger is fairly traceable to the unlawful conduct asserted in the complaint." *McFadden v. Noeth*, 827 F. App'x 20, 24 (2d Cir. 2020).

[2] Plaintiff may commence a new action by prepaying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).